IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER P.D. MITCHELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-4108 |
| | : | |
| WARDEN DALE MEISEL, et al., | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                               **August 21, 2009**

Before the Court is Defendant's, Warden Dale Meisel, (hereinafter "Defendant") Motion to Dismiss. For the reasons discussed below, the motion will be granted.

**I. Background**

Christopher Mitchell (hereinafter "Plaintiff"), is a pro se inmate who filed a § 1983 action against multiple parties, including Defendant. Plaintiff's complaint alleges that his civil rights were violated while he was incarcerated in the Lehigh County Prison and states:

> Upon my reception to the County Prison, awaiting trial, under clean [*sic*] bill of health - within a year I was diagnosed with a lifelong, and life threatening disease, which is incurable. Steps were taken to alleviate min or symptoms [*sic*], however, the long-share of this diseases has yet to be contended with. I did nothing to warrant such a disease. And took substantial steps prior to its diagnosis, to have this situation alleviated via the County Prison Medical Department. I request your service in having this Civil Action Law Suit resolved.

Plaintiff's specific medical complaints ranged from "blood in stools to increased bleeding [i]n my stomach [to] heavy discomfort." Plaintiff appears to allege that these medical issues were not

1

addressed after his request for review in February, 2005, but he does acknowledge receiving medical treatment in July, 2005.[1]  (Compl. - Statement of Claim and Administrative Remedies).

On November 10, 2008, Defendant moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to set forth a claim for improper medical care.  Defendant also moved to dismiss the Complaint based on the statute of limitations and for failure to exhaust administrative remedies.  Plaintiff responded to Defendant's Motion on November 24, 2008.

**II.  Standard of Review**

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The Court may only look to the facts alleged in the Complaint and its attachments when deciding a motion to dismiss.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).   Here, the Court will also liberally construe the Complaint because the Plaintiff is pro se.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

**III.  Analysis**

Plaintiff presents a series of grievances but does not specifically refer to any federal or constitutional rights that were violated.  A liberal reading of the Complaint could reflect that Plaintiff is pleading a violation of his Eighth Amendment rights through an alleged deliberate

---

[1] Plaintiff's Complaint provides few dates or specific details, but it appears as if the events at issue occurred between February and July, 2005.  (Compl. - Administrative Remedies).

indifference to his medical needs in failing to treat him in a timely manner. Viewed in this context, in order for Plaintiff to survive a motion to dismiss, Plaintiff must have exhausted his administrative remedies within the state prison system. "Exhaustion is now required for all 'action[s] ... brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (internal citations omitted).

The Prison Litigation Reform Act of 1995 states:

> No action shall be brought with respect to prison conditions under section 1979 of the revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (citing 42 U.S.C. § 1997e(a)). The Third Circuit has concluded that this statutory provision makes exhaustion of all administrative remedies mandatory. Id. This exhaustion requirement also includes a procedural default component, wherein the Court must make an independent inquiry when there is little or none of the administrative record before the Court. Id. at 230-32. To avoid a procedural default, the prison inmate must have pursued his grievance through the three (3) stages of Pennsylvania's Grievance System before his claim can properly be considered by this Court. Id. at 232. These stages are: (1) Initial Review, (2) Appeal to Facility Manager, and (3) Appeal to Secretary's Office of Inmate Grievances and Appeals. Id. (citing DC-ADM-804, Part VI.B-D).

Here, Plaintiff states that he requested an initial review seeking "relief from [his] bleeding stomach" in February, 2005 and filed approximately fifteen (15) additional medical requests from February to July, 2005. Plaintiff admits that he received a response to those requests from medical staff in July, 2005, but claims that he never filed a proper grievance because there were never

3

"grievances [*sic*] forms available." Instead, he asserts that he submitted requests directly to Defendant Mesiel - the Warden. Construing these initial requests submitted to Defendant in a light most favorable to Plaintiff, we find that Plaintiff did seek initial review pursuant to DC-ADM-804, Part VI.B.

Plaintiff does not, however, clearly allege that he ever appealed the response(s), or lack thereof, to his initial requests. Given that Plaintiff is pro se and his complaint must be read in a liberal fashion, we will construe the requests for review to the Warden as satisfying the second stage. However, Plaintiff has not satisfied the third stage by asserting that he ever appealed the Warden's decision to the Secretary's Office of Inmate Grievance and Appeals. Thus, we find that Plaintiff did not complete the administrative appeal process as required in Spruill and, consequently, his Complaint must be dismissed for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Id. at 232-35. (Compl. - Administrative Remedies; Plaintiff's Response, p. 3).

**IV. Conclusion**

Because Plaintiff's Complaint is dismissed for failure to exhaust his administrative remedies, we need not address the statute of limitations or the merits of Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). Because the Court cannot determine at this time whether amendment would be futile, the Court will dismiss the claims without prejudice so that the Plaintiff may, if he can do so responsibly, amend his pleadings to cure its deficiencies as to pleading satisfaction of all three (3) levels of the Pennsylvania Grievance System. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Our Order follows.

5